```
***************************064288*******************************
```

```
SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD, CONNECTICUT 06106-1746
```

```
PRINT DOC REQUESTED: MAY 14, 2004                    100PJQ
1 DOCUMENT PRINTED
3 PRINTED PAGES
```

```
SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD CONNECTICUT 06106-1746
```

```
********************************06849********************************
```

```
     DATE: MAY 14, 2004

  CLIENT:
 LIBRARY: LEXSEE
CITATION:  2003 U.S. App. LEXIS 22280
```

BRONX LEGAL SERVICES, Plaintiff-Appellant, -v.- LEGAL
SERVICES FOR NEW YORK CITY and LEGAL SERVICES CORPORATION,
Defendants-Appellees,

No. 03-7102

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

78 Fed. Appx. 781; 2003 U.S. App. LEXIS 22280

October 29, 2003, Decided

NOTICE: [**1] RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

SUBSEQUENT HISTORY: US Supreme Court certiorari denied by *Bronx Legal Servs. v. Legal Servs., 2004 U.S. LEXIS 3245 (U.S., May 3, 2004)*
PRIOR HISTORY: Appeal from a judgment of the United States District Court for the Southern District of New York. (George B. Daniels, Judge). *Bronx Legal Servs. v. Legal Servs., 2003 U.S. Dist. LEXIS 695 (S.D.N.Y., Jan. 17, 2003)*
DISPOSITION: Affirmed.

COUNSEL: APPEARING FOR APPELLANT: ROBERT M. KELLY, White & Case LLP, New York, NY.

APPEARING FOR APPELLEES: DONALD J. RIDINGS, JR. (Thomas S. Williamson, Jr. of counsel), Covington & Burling, Washington, DC (Victor Fortuno, Vice President and General Counsel, Lynn Bulan, Senior Assistant General Counsel, of counsel), Legal Services Corporation, Washington, DC, for Appellee Legal Services Corporation, RICHARD C. PEPPERMAN, II, Sullivan & Cromwell LLP, New York, NY, for Appellee Legal Services for New York City.

JUDGES: PRESENT: RALPH K. WINTER JOSE A. CABRANES ROBERT D. SACK Circuit Judges.

OPINION: [*781] SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff Bronx Legal Services appeals from an Opinion and Order of the District Court that (i) granted defendants' motion to dismiss the complaint, (ii) denied [**2] plaintiff's motion for a preliminary injunction, and (iii) denied plaintiff's application for leave to amend.

Substantially for the reasons stated in the District Court's opinion, we affirm the judgment of the District Court dismissing the complaint and denying plaintiff's motion for a preliminary injunction.

We also affirm the District Court's denial of leave to amend the complaint. While it is true that the District Court did not elaborate on its decision to deny leave to amend, it is also true that plaintiff gave the Court no reason why it should be entitled to amend. Instead, without offering any proposed amendments, plaintiff simply requested, at the end of its brief in opposition to defendants' motions to dismiss, that it be given an opportunity to replead in the event the motions were granted. Even now, in their appellate briefs, plaintiff does not tell us exactly what it might allege in an amended complaint that would cure the deficiencies in its pleadings. In the circumstances presented, we cannot conclude that the District Court abused its discretion when it summarily denied an unsubstantiated request for leave to amend.

We have considered all of plaintiff's claims on [**3] appeal and we hereby AFFIRM the judgment of the District Court.

```
****------------------------------------------------------------------****
*      5 PAGES              50 LINES           JOB  64288   100PJQ      *
*  12:32 P.M. STARTED   12:34 P.M. ENDED                  05/14/04      *
****------------------------------------------------------------------****
****------------------------------------------------------------------****
*                     EEEEE    N   N    DDDD                            *
*                     E        N   N    D   D                           *
*                     E        NN  N    D   D                           *
*                     EEE      N N N    D   D                           *
*                     E        N  NN    D   D                           *
*                     E        N   N    D   D                           *
*                     EEEEE    N   N    DDDD                            *
*                                                                       *
****------------------------------------------------------------------****
****------------------------------------------------------------------****
```

SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD, CONNECTICUT 06106-1746

```
***************************064295*****************************
```

```
SEND TO: FELICIANO, TANYA
        CONNECTICUT ATTORNEY GENERAL STATE OF
        55 ELM ST
        HARTFORD, CONNECTICUT 06106-1746
```

```
PRINT DOC REQUESTED: MAY 14, 2004                    100PJQ
1 DOCUMENT PRINTED
5 PRINTED PAGES
```

```
SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD CONNECTICUT 06106-1746
```

```
********************************06891********************************
```

```
   DATE: MAY 14, 2004

 CLIENT:
 LIBRARY: LEXSEE
 CITATION:  2003 U.S. App. LEXIS 9638
```

DONALD P. ROSENDALE, Plaintiff-Appellant, -v.- ARLENE
IULIANO, as Amenia, N.Y. Town Supervisor, TERRY BINOTTO, as
Amenia, N.Y. Town Zoning Code Enforcement Officer, TOWN OF
AMENIA, NEW YORK, TAMARACK PRESERVE LTD., as "State Actors,"
Defendants-Appellees.

02-9268

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

67 Fed. Appx. 10; 2003 U.S. App. LEXIS 9638

May 20, 2003, Decided

NOTICE: [**1] RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

PRIOR HISTORY: Appeal from the United States District Court for the Southern District of New York (Cote, J.). *Rosendale v. Iuliano, 2002 U.S. Dist. LEXIS 16584 (S.D.N.Y., Sept. 4, 2002)*
DISPOSITION: Affirmed.

CORE TERMS: amend, retaliation, newly discovered evidence, first, abuse of discretion, summary judgment, certificate of occupancy, pro se, unpleaded, ripeness, entitle, fairly

COUNSEL: APPEARING FOR APPELLANT: DONALD P. ROSENDALE, Amenia, New York (Pro se).

APPEARING FOR APPELLEES: TERRY RICE, Rice & Amon, Suffern, New York, for Defendants-Appellees Arlene Iuliano, Terry Binotto, and Town of Amenia, New York.

RUSSEL H. BEATIE, Beatie & Osborn LLP, New York, New York, for Defendant-Appellee Tamarack Preserve Ltd.

JUDGES: PRESENT: HON. AMALYA L. KEARSE, HON. DENNIS JACOBS, HON. JOSE A. CABRANES, Circuit Judges.

OPINION: [*12] SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court be AFFIRMED.

Plaintiff-appellant pro se Donald P. Rosendale appeals from an order entered in the United States District Court

for the Southern District of New York (Cote, J.) on September 10, 2002, denying his motion for reconsideration pursuant to *Fed. R. Civ. P. 60(b)* and for leave to amend his complaint after summary judgment had been granted to [**2] defendants. n1 In essence, Rosendale's motion invited the district court to reconsider its dismissal of his claims in light of (a) newly discovered evidence, (b) misrepresentations about the nature of defendant Tamarack Preserve's activities, and (c) an unpleaded *First Amendment* retaliation theory.

n1 Rosendale appeals independently from the district court's prior grant of summary judgment to defendants and the dismissal of his claims. We dispose of that appeal in a separate summary order issued today.

*Rule 60(b)* provides that, "on motion and upon such terms as are just," the district court "may relieve a party . . . from a final judgment" for several reasons, including (among other things) mistake, newly discovered evidence, and "any other reason justifying relief from the operation of the judgment." *Fed. R. Civ. P. 60(b).* "An appeal from the denial of a motion for relief under *Rule 60* 'brings up only the denial of the motion and not the [merits of the underlying] judgment itself.'" *Paddington Partners v. Bouchard, 34 F.3d 1132, 1147 (2d Cir. 1994)* [**3] (alteration in original) (citations omitted). "We review district court rulings on *Rule 60(b)* motions for abuse of discretion." *Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998)* (citations omitted). We also review "the denial of leave to [*13] amend a complaint" only for abuse of discretion. *Kropelnicki v. Siegel, 290 F.3d 118, 130 (2d Cir. 2002).*

We find no abuse of discretion and affirm for substantially the reasons stated in the district court's decision.

First, as to Rosendale's purported newly discovered evidence, the district court soundly observed that, "even if Tamarack is, in fact, operating in violation of

municipal law, and even if [Amenia CEO Donald] Smith acknowledged that a variance was required, Rosendale has pointed to no provision of law that requires the Town to institute enforcement proceedings against Tamarack." *Rosendale v. Iuliano, 2002 U.S. Dist. LEXIS 16584, No. 99 Civ. 11701, 2002 WL 2031564, at *3 (S.D.N.Y. Sept. 4, 2002)*. Rosendale's due process claims therefore still rest upon no cognizable property interest. See *Zahra v. Town of Southold, 48 F.3d 674, 681-82 (2d Cir. 1995)* ("The mere existence [**4] of procedures for obtaining a permit or certificate do not, in and of themselves, create constitutional 'property interests,'" and "the mere violation of a state law does not automatically give rise to a violation of federal constitutional rights.") (emphasis in original); *Gagliardi v. Village of Pawling, 18 F.3d 188, 191-93 (2d Cir. 1994)*.

Second, Rosendale's argument that defendants misrepresented the nature of Tamarack's activities entitles him to no relief under *Rule 60(b)* because, as the district court observed, "this argument is merely an effort to relitigate the merits" and "does not present newly discovered evidence." *Rosendale, 2002 U.S. Dist. LEXIS 16584, 2002 WL 2031564, at *4*. Moreover, as the district court also noted, "such a representation, even if incorrect, is not material because it does not alter the conclusion that the municipal defendants retained discretion in enforcing the Town's zoning laws." Id.

Third, the district court did not abuse its discretion by declining to grant Rosendale relief under *Rule 60(b)* on the basis of an unpleaded *First Amendment* retaliation claim, nor did it abuse its discretion by denying Rosendale leave to amend his complaint [**5] belatedly to include that claim. The *Rule 60(b)* motion asserted for the first time that Rosendale was denied a certificate of occupancy for several years in retaliation for his conduct in opposing the gun club neighboring his property. Rosendale argues that he could not assert this claim earlier because it did not satisfy the ripeness test applied in an unrelated case, *Kittay v. Giuliani, 112 F. Supp. 2d 342, 348-49 & n.4 (S.D.N.Y. 2000)* (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186, 194, 87 L. Ed. 2d 126, 105 S. Ct. 3108 (1985))*, aff'd on other grounds, *252 F.3d 645 (2d Cir. 2001)*. According to Rosendale, the legal landscape changed shortly after Judge Cote dismissed his claims, when this Court issued its decision in *Dougherty v. Town of North Hempstead Board of Zoning Appeals, 282 F.3d 83 (2d Cir. 2002)*, holding that a "*First Amendment* retaliation claim should not be subject to the application of the Williamson ripeness test" when the plaintiff "suffered an injury at the moment the defendants revoked his [building] permit, and [his] pursuit of a further [**6] administrative decision would do nothing to further define his injury." *Id. at 90*.

These arguments do not compel relief under *Rule 60(b)*. See *Paddington Partners, 34 F.3d at 1147* ("An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for *Rule 60(b)* relief . . . ."). Neither Rosendale's final amended complaint nor his opposition to defendants' motion for summary judgment made any mention of the denial of [*14] his certificate of occupancy or a *First Amendment* retaliation claim.

Nor do these arguments entitle Rosendale to amend his complaint at this stage. "Once judgment is entered[,] the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to *Fed.R.Civ.P. 59(e) or 60(b)*." *National Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991)* (internal quotation marks omitted). While we have held that "[a] pro se plaintiff who brings a civil rights action should be 'fairly freely' afforded an opportunity to amend his complaint, even if he makes the request after the court has entered judgment dismissing [**7] his original complaint," *Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)* (citation omitted), this "fairly free" indulgence does not foreclose discretion. In the course of this action, Rosendale availed himself of at least two opportunities to amend his complaint. He is an experienced litigant who had the benefit of legal advice during portions of the pleading stages of this litigation. The district court may have had the power to allow resuscitation of this action after the claims were dismissed, but it was not bound to do so. Cf. *Freeman v. Continental Gin Co., 381 F.2d 459, 469 (5th Cir. 1967)* ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.").

Moreover, Rosendale's failure to submit a proposed amended pleading with his post-judgment motion prevented the district court from considering the constitutional and procedural issues implicated by his *First Amendment* retaliation claim. Defendants argue that Kittay did not preclude Rosendale from pleading his *First Amendment* claim, that Dougherty did not make new law with respect to this type of claim, and that his claim is barred in [**8] any event by a three-year statute of limitations. (Defs.' Br. at 24-27.) Without a proposed pleading, the district court could not determine whether Rosendale's claim could survive a motion to dismiss, whether it was futile, or whether it was frivolous. See *Dougherty, 282 F.3d at 87-88* (noting that futility of amendment will serve to prevent amendment). Under these circumstances, the court did not abuse its discretion in denying Rosendale leave to amend his complaint. Cf. *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990)* (imputing lack of good faith to plaintiff in part

because plaintiff "did not file a proposed amended complaint" when it sought leave to amend); *Twohy v. First Nat'l Bank of Chicago, 758 F.2d 1185, 1197 (7th Cir. 1985)* (observing that "normal procedure is for the proposed amendment or new pleading to be submitted" with the motion for leave to amend, and that failure to do so "indicates a lack of diligence and good faith"). We express no view on the propriety, sufficiency, or timeliness of Rosendale's *First Amendment* retaliation claim.

Finally, we decline to consider arguments [**9] Rosendale raises for the first time on appeal, including promissory estoppel. See *Singleton v. Wulff, 428 U.S. 106, 120, 49 L. Ed. 2d 826, 96 S. Ct. 2868 (1976)* ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below.").

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

```
****-----------------------------------------------------------------****
*      7 PAGES              156 LINES           JOB  64295   100PJQ      *
*  12:32 P.M. STARTED   12:34 P.M. ENDED                  05/14/04       *
****-----------------------------------------------------------------****
****-----------------------------------------------------------------****
*                    EEEEE    N   N    DDDD                              *
*                    E        N   N    D   D                             *
*                    E        NN  N    D   D                             *
*                    EEE      N N N    D   D                             *
*                    E        N  NN    D   D                             *
*                    E        N   N    D   D                             *
*                    EEEEE    N   N    DDDD                              *
*                                                                        *
****-----------------------------------------------------------------****
*                                                                        *
****-----------------------------------------------------------------****
```

```
SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD, CONNECTICUT 06106-1746
```

```
***************************064300****************************
```

```
SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD, CONNECTICUT 06106-1746
```

```
PRINT DOC REQUESTED: MAY 14, 2004                    100PJQ
1 DOCUMENT PRINTED
5 PRINTED PAGES
```

```
SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD CONNECTICUT 06106-1746
```

```
*********************************06897*********************************
```

```
   DATE: MAY 14, 2004

 CLIENT:
 LIBRARY: LEXSEE
CITATION:  2003 U.S. App. LEXIS 9638
```

DONALD P. ROSENDALE, Plaintiff-Appellant, -v.- ARLENE IULIANO, as Amenia, N.Y. Town Supervisor, TERRY BINOTTO, as Amenia, N.Y. Town Zoning Code Enforcement Officer, TOWN OF AMENIA, NEW YORK, TAMARACK PRESERVE LTD., as "State Actors," Defendants-Appellees.

02-9268

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

67 Fed. Appx. 10; 2003 U.S. App. LEXIS 9638

May 20, 2003, Decided

NOTICE: [**1] RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

PRIOR HISTORY: Appeal from the United States District Court for the Southern District of New York (Cote, J.). *Rosendale v. Iuliano, 2002 U.S. Dist. LEXIS 16584 (S.D.N.Y., Sept. 4, 2002)*
DISPOSITION: Affirmed.

CORE TERMS: amend, retaliation, newly discovered evidence, first, abuse of discretion, summary judgment, certificate of occupancy, pro se, unpleaded, ripeness, entitle, fairly

COUNSEL: APPEARING FOR APPELLANT: DONALD P. ROSENDALE, Amenia, New York (Pro se).

APPEARING FOR APPELLEES: TERRY RICE, Rice & Amon, Suffern, New York, for Defendants-Appellees Arlene Iuliano, Terry Binotto, and Town of Amenia, New York.

RUSSEL H. BEATIE, Beatie & Osborn LLP, New York, New York, for Defendant-Appellee Tamarack Preserve Ltd.

JUDGES: PRESENT: HON. AMALYA L. KEARSE, HON. DENNIS JACOBS, HON. JOSE A. CABRANES, Circuit Judges.

OPINION: [*12] SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the judgment of the district court be AFFIRMED.

Plaintiff-appellant pro se Donald P. Rosendale appeals from an order entered in the United States District Court

for the Southern District of New York (Cote, J.) on September 10, 2002, denying his motion for reconsideration pursuant to *Fed. R. Civ. P. 60(b)* and for leave to amend his complaint after summary judgment had been granted to [**2] defendants. n1 In essence, Rosendale's motion invited the district court to reconsider its dismissal of his claims in light of (a) newly discovered evidence, (b) misrepresentations about the nature of defendant Tamarack Preserve's activities, and (c) an unpleaded *First Amendment* retaliation theory.

n1 Rosendale appeals independently from the district court's prior grant of summary judgment to defendants and the dismissal of his claims. We dispose of that appeal in a separate summary order issued today.

*Rule 60(b)* provides that, "on motion and upon such terms as are just," the district court "may relieve a party . . . from a final judgment" for several reasons, including (among other things) mistake, newly discovered evidence, and "any other reason justifying relief from the operation of the judgment." *Fed. R. Civ. P. 60(b)*. "An appeal from the denial of a motion for relief under *Rule 60* 'brings up only the denial of the motion and not the [merits of the underlying] judgment itself.'" *Paddington Partners v. Bouchard, 34 F.3d 1132, 1147 (2d Cir. 1994)* [**3] (alteration in original) (citations omitted). "We review district court rulings on *Rule 60(b)* motions for abuse of discretion." *Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998)* (citations omitted). We also review "the denial of leave to [*13] amend a complaint" only for abuse of discretion. *Kropelnicki v. Siegel, 290 F.3d 118, 130 (2d Cir. 2002)*.

We find no abuse of discretion and affirm for substantially the reasons stated in the district court's decision.

First, as to Rosendale's purported newly discovered evidence, the district court soundly observed that, "even if Tamarack is, in fact, operating in violation of

municipal law, and even if [Amenia CEO Donald] Smith acknowledged that a variance was required, Rosendale has pointed to no provision of law that requires the Town to institute enforcement proceedings against Tamarack." *Rosendale v. Iuliano, 2002 U.S. Dist. LEXIS 16584, No. 99 Civ. 11701, 2002 WL 2031564, at *3 (S.D.N.Y. Sept. 4, 2002)*. Rosendale's due process claims therefore still rest upon no cognizable property interest. See *Zahra v. Town of Southold, 48 F.3d 674, 681-82 (2d Cir. 1995)* ("The mere existence [**4] of procedures for obtaining a permit or certificate do not, in and of themselves, create constitutional 'property interests,'" and "the mere violation of a state law does not automatically give rise to a violation of federal constitutional rights.") (emphasis in original); *Gagliardi v. Village of Pawling, 18 F.3d 188, 191-93 (2d Cir. 1994)*.

Second, Rosendale's argument that defendants misrepresented the nature of Tamarack's activities entitles him to no relief under *Rule 60(b)* because, as the district court observed, "this argument is merely an effort to relitigate the merits" and "does not present newly discovered evidence." *Rosendale, 2002 U.S. Dist. LEXIS 16584, 2002 WL 2031564, at *4*. Moreover, as the district court also noted, "such a representation, even if incorrect, is not material because it does not alter the conclusion that the municipal defendants retained discretion in enforcing the Town's zoning laws." Id.

Third, the district court did not abuse its discretion by declining to grant Rosendale relief under *Rule 60(b)* on the basis of an unpleaded *First Amendment* retaliation claim, nor did it abuse its discretion by denying Rosendale leave to amend his complaint [**5] belatedly to include that claim. The *Rule 60(b)* motion asserted for the first time that Rosendale was denied a certificate of occupancy for several years in retaliation for his conduct in opposing the gun club neighboring his property. Rosendale argues that he could not assert this claim earlier because it did not satisfy the ripeness test applied in an unrelated case, *Kittay v. Giuliani, 112 F. Supp. 2d 342, 348-49 & n.4 (S.D.N.Y. 2000)* (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186, 194, 87 L. Ed. 2d 126, 105 S. Ct. 3108 (1985))*, aff'd on other grounds, *252 F.3d 645 (2d Cir. 2001)*. According to Rosendale, the legal landscape changed shortly after Judge Cote dismissed his claims, when this Court issued its decision in *Dougherty v. Town of North Hempstead Board of Zoning Appeals, 282 F.3d 83 (2d Cir. 2002)*, holding that a "*First Amendment* retaliation claim should not be subject to the application of the Williamson ripeness test" when the plaintiff "suffered an injury at the moment the defendants revoked his [building] permit, and [his] pursuit of a further [**6] administrative decision would do nothing to further define his injury." *Id. at 90*.

These arguments do not compel relief under *Rule 60(b)*. See *Paddington Partners, 34 F.3d at 1147* ("An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for *Rule 60(b)* relief . . . ."). Neither Rosendale's final amended complaint nor his opposition to defendants' motion for summary judgment made any mention of the denial of [*14] his certificate of occupancy or a *First Amendment* retaliation claim.

Nor do these arguments entitle Rosendale to amend his complaint at this stage. "Once judgment is entered[,] the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to *Fed.R.Civ.P. 59(e) or 60(b)*." *National Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991)* (internal quotation marks omitted). While we have held that "[a] pro se plaintiff who brings a civil rights action should be 'fairly freely' afforded an opportunity to amend his complaint, even if he makes the request after the court has entered judgment dismissing [**7] his original complaint," *Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)* (citation omitted), this "fairly free" indulgence does not foreclose discretion. In the course of this action, Rosendale availed himself of at least two opportunities to amend his complaint. He is an experienced litigant who had the benefit of legal advice during portions of the pleading stages of this litigation. The district court may have had the power to allow resuscitation of this action after the claims were dismissed, but it was not bound to do so. Cf. *Freeman v. Continental Gin Co., 381 F.2d 459, 469 (5th Cir. 1967)* ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.").

Moreover, Rosendale's failure to submit a proposed amended pleading with his post-judgment motion prevented the district court from considering the constitutional and procedural issues implicated by his *First Amendment* retaliation claim. Defendants argue that Kittay did not preclude Rosendale from pleading his *First Amendment* claim, that Dougherty did not make new law with respect to this type of claim, and that his claim is barred in [**8] any event by a three-year statute of limitations. (Defs.' Br. at 24-27.) Without a proposed pleading, the district court could not determine whether Rosendale's claim could survive a motion to dismiss, whether it was futile, or whether it was frivolous. See *Dougherty, 282 F.3d at 87-88* (noting that futility of amendment will serve to prevent amendment). Under these circumstances, the court did not abuse its discretion in denying Rosendale leave to amend his complaint. Cf. *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990)* (imputing lack of good faith to plaintiff in part

because plaintiff "did not file a proposed amended complaint" when it sought leave to amend); *Twohy v. First Nat'l Bank of Chicago, 758 F.2d 1185, 1197 (7th Cir. 1985)* (observing that "normal procedure is for the proposed amendment or new pleading to be submitted" with the motion for leave to amend, and that failure to do so "indicates a lack of diligence and good faith"). We express no view on the propriety, sufficiency, or timeliness of Rosendale's *First Amendment* retaliation claim.

Finally, we decline to consider arguments [**9] Rosendale raises for the first time on appeal, including promissory estoppel. See *Singleton v. Wulff, 428 U.S. 106, 120, 49 L. Ed. 2d 826, 96 S. Ct. 2868 (1976)* ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below.").

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

```
****------------------------------------------------------------------****
*      7 PAGES              156 LINES          JOB  64300   100PJQ      *
*  12:32 P.M. STARTED   12:34 P.M. ENDED               05/14/04         *
****------------------------------------------------------------------****
****------------------------------------------------------------------****
*                      EEEEE    N   N    DDDD                           *
*                      E        N   N    D   D                          *
*                      E        NN  N    D   D                          *
*                      EEE      N N N    D   D                          *
*                      E        N  NN    D   D                          *
*                      E        N   N    D   D                          *
*                      EEEEE    N   N    DDDD                           *
*                                                                       *
****------------------------------------------------------------------****
*                                                                       *
****------------------------------------------------------------------****
```

SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD, CONNECTICUT 06106-1746

***************************064363****************************

SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD, CONNECTICUT 06106-1746

```
PRINT DOC REQUESTED: MAY 14, 2004                      100PJQ
1 DOCUMENT PRINTED
5 PRINTED PAGES
```

```
SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD CONNECTICUT 06106-1746
```

```
*********************************06902*********************************
```

```
   DATE: MAY 14, 2004

 CLIENT:
 LIBRARY: LEXSEE
CITATION:  2003 U.S. App. LEXIS 12932
```

NETTIE G. HENRY, Plaintiff-Appellant, -v.- DEPARTMENT OF TRANSPORTATION, Defendant-Appellee, RODNEY E. SLATER, The Honorable, GARY SOLOMON, ALAN SIPERSTEIN, AVIATION INFORMATION & SERVICE, Defendants.

No. 02-6104

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

69 Fed. Appx. 478; 2003 U.S. App. LEXIS 12932

June 24, 2003, Decided

NOTICE: [**1] RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

PRIOR HISTORY: Appeal from a judgment of the United States District Court for the Eastern District of New York (Donald E. Walter, Judge ** and Charles P. Sifton, Judge).

** The Honorable Donald E. Walter, United States District Judge for the Eastern District of Louisiana, sitting by designation.

DISPOSITION: Affirmed.

CORE TERMS: preponderance, supplemental, pretrial, scale-tipping, analogy, presence of counsel, retaliatory, amend, abuse of discretion, discretion to deny, protected activity, motion to amend, undue prejudice, opposing party, jury verdict, undue delay, bad faith, repeated, futility, failure, female, clarification, deliberations, clarify

COUNSEL: FOR APPELLANT: IRENE DONNA THOMAS (Tamika Nicole Sanders, on the brief), Thomas & Associates, Brooklyn, NY.

FOR APPELLEE: VINCENT LIPARI, Assistant United States Attorney (Deborah Zwany, Assistant United States Attorney; Roslynn R. Mauskopf, United States Attorney, of counsel), Office of the United States Attorney for the Eastern District of New York, Central Islip, NY.

JUDGES: PRESENT: ROGER J. MINER JOSE A. CABRANES Circuit Judges CHRISTOPHER F. DRONEY District Judge. *

* The Honorable Christopher F. Droney, of the District Court for the District of Connecticut, sitting by designation.

OPINION: [*479] SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the [**2] judgment of the District Court is hereby AFFIRMED.

Plaintiff-appellant Nettie G. Henry appeals from an April 10, 2003 judgment entered by the District Court in favor of defendants pursuant to a jury verdict rendered after a five-day trial. Plaintiff's suit is against Rodney Slater, then serving as Secretary of the Department of Transportation, and Gary Solomon and Alan Siperstein, her supervisors at the Federal Aviation Administration's Information Systems Branch at John F. Kennedy International Airport. Judge Walter was required to leave New York before the jury finished deliberating and, accordingly, the verdict was taken by Judge Sifton. The jury rendered a verdict in favor of defendants on plaintiff's race and national origin discrimination claims. This timely appeal followed.

On appeal, plaintiff argues that the District Court committed reversible error when it (1) rejected plaintiff's counsel's proposed instruction on the meaning of "preponderance" and repeated a portion of the same instruction it had given earlier, (2) answered the jury's written request for a clarification of the meaning of "preponderance" in writing outside of the presence of counsel for the parties, [**3] and (3) abused its discretion by denying plaintiff's motion to amend the joint pretrial order to include a claim of retaliatory discrimination.

A.

We examine a supplemental instruction in light of the original charge and "it is [*480] basic law that a jury charge should be examined in its entirety, not scrutinized strand-by-strand." *Time, Inc. v. Petersen Publ'g Co., 173 F.3d 113, 118-19 (2d Cir. 1999)* (quoting *Warren v. Dwyer, 906 F.2d 70, 73 (2d Cir. 1990)*). Only if we are persuaded "that the error was prejudicial or the charge was highly confusing," will the jury verdict be reversed due to an erroneous instruction. Id.

Because of a district court's special competence to assess the circumstances under which such issues arise, we accord it "considerable discretion in determining how to respond to communications indicating that the jury is experiencing confusion." *United States v. Parker, 903 F.2d 91, 101-02 (2d Cir. 1990)* (citation omitted). "If a supplemental charge is legally correct, the district court enjoys broad discretion in determining how, and under what circumstances, that charge will be given." *United States v. Civelli, 883 F.2d 191, 195 (2d Cir. 1989)* [**4] (citation omitted).

The jury's only question during its deliberations was sent on the second and final day of deliberations by note and requested that the Court "please clarify term 'preponderance.'" In response to the jury's request for a clarification of the meaning of "preponderance," the District Court informed counsel, in open court but off of the record, that he would give the same instruction that had already been given as a written supplemental instruction that preponderance means that something is more likely so than not. The Court rejected plaintiff's counsel's request that a scale-tipping analogy (i.e., scales tipping, however slightly, in one direction or the other) be used to clarify the meaning of "preponderance." Counsel did not object to the proposed supplemental instruction. The Court then provided to the jury, outside of the presence of counsel and off of the record, the written supplemental instruction that he had discussed with counsel. Judge Walter left the courtroom, in the company of the Clerk, after the discussion with counsel and left for Louisiana. The Clerk delivered Judge Walter's handwritten note to the jury, which was written on the jury's note, that [**5] "it [preponderance] just means that something is more likely so than not[.]"

Longstanding acceptance of the Court's definition of "preponderance" exists. See, e.g., *Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997)* ("To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.") (citation omitted). The scale-tipping analogy is permissible, see, e.g., *Ostrowski v. Atl. Mut. Ins. Cos., 968 F.2d 171, 187 (2d Cir. 1992)* (remanding and recommending that the District Court use the scale-tipping analogy), but not required. Here, the District Court adequately and

correctly instructed the jury as to the meaning of preponderance.

Plaintiff's argument that the instruction should not have been given outside of the presence of counsel for the parties is without merit. Moreover, where supplemental instructions are given in response to the jury's request, "written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object[.]" *Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 81, 63 L. Ed. 853, 39 S. Ct. 435 (1919)*. The District Court informed [**6] counsel of the proposed supplemental instruction prior to giving it, counsel did not object, and any arguable harm from the Court's failure to give the instruction in counsel's presence was harmless. Counsel for plaintiff proposed the use of the scale-tipping analogy, the Court rejected the proposal, and counsel did not object. In these circumstances, the Court did not abuse its discretion when it conveyed the written supplemental instruction [*481] off of the record and outside of counsel's presence.

B.

Plaintiff also argues on appeal that the District Court improperly denied her motion to amend the proposed joint pretrial order to include a claim of retaliatory discrimination. Defendants-appellees argue that we should review the Court's denial of a motion for leave to amend a complaint pursuant to *Fed. R. Civ. P. 15(a)* ("Rule 15(a)") for abuse of discretion. See, e.g., *Min Jin v. Metro. Life Ins. Co., 310 F.3d 84 (2d Cir. 2002)* (reviewing decision regarding motion to amend a complaint for abuse of discretion). Under *Rule 15(a)* leave to amend should be freely granted, but a district court has the discretion to deny leave if there is a good reason for the denial, such as [**7] futility, bad faith, undue delay, or undue prejudice to the opposing party. See *Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)* (reviewing decision on whether to amend complaint for abuse of discretion); *Koehler v. Bank of Bermuda (N.Y.) Ltd., 209 F.3d 130, 138 (2d Cir. 2000)* (same). Plaintiff, on the other hand, argues that *Fed. R. Civ. P. 16* ("Rule 16") is the correct rule to apply because it dictates when a pretrial order may be amended. *Rule 16(b)* states that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district court." *Fed. R. Civ. P. 16(b)*. Under *Rule 16(b)* a court may exercise its discretion to deny an amendment because of the moving party's undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendment, undue prejudice to the opposing party or futility of the amendment. See *Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000)*. The decision to permit amendment of the proposed joint pretrial order

rests within the discretion of the Court and should be granted when "the interests of justice [**8] make such a course desirable." *Madison Consultants v. Fed. Deposit Ins. Corp., 710 F.2d 57, 62 n. 3 (2d Cir. 1983)* (quoting *Clark v. Pennsylvania R Co., 328 F.2d 591, 594 (2d Cir. 1964)*; see also *Laguna v. American Export Isbrandtsen Lines, Inc., 439 F.2d 97, 101-02 (2d Cir. 1971)* ( "We have not viewed . . . modification [of proposed pretrial orders] with hostility."). In making such a determination, the court should balance "the need for doing justice on the merits between the parties . . . against the need for maintaining orderly and efficient procedural arrangements." *Laguna, 439 F.2d at 101* (quoting 3 J. Moore, Federal Practice P 16.20, at 1136 (3d ed. 1968)). The Court should also "consider whether any prejudice to the opposing side will result." *Ismail v. Cohen, 706 F. Supp. 243, 255 (S.D.N.Y.1989)*, aff'd in relevant part and rev'd in part on other grounds, *899 F.2d 183 (2d Cir. 1990)*; see also *Madison Consultants, 710 F.2d at 62.*

In the circumstances presented, we believe we ought to look to *Rule 16(b)* for the controlling standard for when a proposed pretrial [**9] order may be amended. See *Parker, 204 F.3d at 339-40*. Applying these factors to the instant case, we conclude that the District Court did not abuse its discretion when it refused to permit amendment of the proposed pretrial order.

Plaintiff sought the opportunity to claim that defendants retaliated against her for filing a discrimination complaint in March 1998 by hiring a white female in July 2001 to replace plaintiff, a black female. To establish a prima facie case of retaliation under Title VII, plaintiff would have to show that: (1) she engaged in a protected activity; (2) the employer was aware of the protected activity; (3) the employer took adverse employment action; and (4) a causal connection exists between the protected [*482] activity and the adverse action. See, e.g., *Wanamaker v. Columbian Rope Co., 108 F.3d 462, 465-66 (2d Cir. 1997)*.

The addition of a claim of retaliatory discrimination would have been futile because plaintiff did not allege facts sufficient to state a claim for adverse employment action before the District Court.

\*\*\*

Substantially for the reasons stated by the District Court, we hereby AFFIRM the judgment of [**10] the District Court.

```
****------------------------------------------------------------------****
*       7 PAGES              164 LINES            JOB  64363   100PJQ    *
*  12:32 P.M. STARTED   12:34 P.M. ENDED                  05/14/04       *
****------------------------------------------------------------------****
****------------------------------------------------------------------****
*                      EEEEE     N   N     DDDD                          *
*                      E         N   N     D   D                         *
*                      E         NN  N     D   D                         *
*                      EEE       N N N     D   D                         *
*                      E         N  NN     D   D                         *
*                      E         N   N     D   D                         *
*                      EEEEE     N   N     DDDD                          *
*                                                                        *
****------------------------------------------------------------------****
****------------------------------------------------------------------****
```

```
SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD, CONNECTICUT 06106-1746
```

```
****************************064371****************************
```

```
SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD, CONNECTICUT 06106-1746
```

```
PRINT DOC REQUESTED: MAY 14, 2004                    100PJQ
1 DOCUMENT PRINTED
3 PRINTED PAGES
```

```
SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD CONNECTICUT 06106-1746
```

```
*********************************06919*********************************
```

```
    DATE: MAY 14, 2004

  CLIENT:
 LIBRARY: LEXSEE
CITATION:  2002 U.S. App. LEXIS 13209
```

BEYER FARMS, INC., Plaintiff-Appellant, v. ELMHURST DAIRY, INC., Defendant-Appellee.

No. 01-7576

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

35 Fed. Appx. 29; 2002 U.S. App. LEXIS 13209; 2002-2 Trade Cas. (CCH) P73,770

May 28, 2002, Decided

NOTICE: [**1] RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

PRIOR HISTORY: Appeal from the United States District Court for the Eastern District of New York. (David G. Trager, Judge).

*Beyer Farms, Inc. v. Elmhurst Dairy, Inc., 142 F. Supp. 2d 296, 2001 U.S. Dist. LEXIS 4512 (E.D.N.Y. 2001)*

DISPOSITION: Affirmed.

CORE TERMS: Sherman Act, antitrust, antitrust violation, rule of reason, route-swapping, failing, horizontal

COUNSEL: FOR APPELLANT: Shepard Goldfein Skadden, Arps, Slate, Meagher & Flom, LLP New York, NY.

FOR APPELLEE: Mitchell C. Shapiro Constantine & Partners New York, NY.

JUDGES: PRESENT: HONORABLE FRED I. PARKER, HONORABLE ROSEMARY S. POOLER, HONORABLE BARRINGTON D. PARKER, JR., Circuit Judges.

OPINION: [*29]

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Beyer Farms, Inc. ("Beyer") appeals from the judgment of the district court entered April 11, 2001 granting the motion to dismiss of defendant-appellee Elmhurst Dairy, Inc. ("Elmhurst"). *Beyer*

*Farms, Inc. v. Elmhurst Dairy, Inc., 142 F. Supp. 2d 296 (E.D.N.Y. 2001).*

Beyer brought suit against Elmhurst for alleged violations of § 1 of the Sherman Act. The district court dismissed Beyer's complaint for failure to state a [**2] claim upon which relief could be granted. *Fed. R. Civ. P. 12(b)(6).*

The district court correctly held that Beyer's only properly pleaded conspiracy allegation alleged route-swapping by Elmhurst, a milk processor and distributor, and Bartlett Dairy, Inc. ("Bartlett"), a non-defendant dairy. Contrary to Beyer's argument on appeal, Beyer alleged in its complaint that Elmhurst and Bartlett were engaged in a dual-distributorship relationship, or both a vertical and horizontal relationship. Had Beyer alleged a purely horizontal relationship between Elmhurst and Bartlett, Beyer would have alleged a per se violation of § 1 of the Sherman Act. Because Beyer did not so plead, its complaint was subject to scrutiny under the "rule of reason."

Under the rule of reason, the district court found Beyer's complaint deficient for (1) failing to define the relevant product market or allege whether substitute products are available, and (2) failing to allege an actual or intended injury to the market (as opposed to an injury to an individual competitor) or how the alleged route-swapping would damage competition. *Beyer Farms, 142 F. Supp. 2d at 303-05.* Beyer presents no persuasive [**3] arguments to contradict the district court's conclusion.

The district court did not abuse its discretion when it denied Beyer's request for leave to amend the complaint on the grounds of futility as the proposed amended complaint did not remedy the original complaint's deficiencies. Beyer now seeks to amend the complaint to allege a per se antitrust violation. Although such an amendment would remedy many of the original complaint's deficiencies, it would be futile still because Beyer has not pleaded [*30] that it suffered an antitrust injury. "The per se rule is a method of

determining whether § 1 of the Sherman Act has been violated, but it does not indicate whether a private plaintiff has suffered antitrust injury and thus whether he may recover damages under § 4 of the Clayton Act." *Atlantic Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 110 S. Ct. 1884, 1893, 109 L. Ed. 2d 333 (1990).* Even a plaintiff who alleges a per se antitrust violation must allege an injury to itself that "corresponds to the rationale for finding a violation of the antitrust laws in the first place," and Beyer has not done so. Id.

For the reasons set forth above, the judgment of the [**4]  district court is AFFIRMED.

```
****-------------------------------------------------------------------****
*      5 PAGES                67 LINES              JOB  64371   100PJQ    *
*  12:32 P.M. STARTED   12:34 P.M. ENDED                  05/14/04         *
****-------------------------------------------------------------------****
****-------------------------------------------------------------------****
*                        EEEEE    N   N    DDDD                            *
*                        E        N   N    D  D                            *
*                        E        NN  N    D  D                            *
*                        EEE      N N N    D  D                            *
*                        E        N  NN    D  D                            *
*                        E        N   N    D  D                            *
*                        EEEEE    N   N    DDDD                            *
*                                                                          *
****-------------------------------------------------------------------****
****-------------------------------------------------------------------****
```

SEND TO: FELICIANO, TANYA
         CONNECTICUT ATTORNEY GENERAL STATE OF
         55 ELM ST
         HARTFORD, CONNECTICUT 06106-1746