**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHELA LEOCATA, THROUGH : <br> MATTHEW T. GILBRIDE, ESQ., : <br> CONSERVATOR OVER HER ESTATE : <br> AND NEXT OF FRIEND : <br>    *Plaintiff* : <br> : <br>    v. : <br> : <br> UNITED STATES DEPARTMENT OF : <br> HEALTH AND HUMAN SERVICES, : <br> TOMMY THOMPSON, SECRETARY : <br> and PATRICIA WILSON-COKER, : <br> COMMISSIONER DEPARTMENT : <br> OF SOCIAL SERVICES : <br>    *Defendants* : | CIVIL ACTION NO. 3:02CV1066 (CFD) <br><br><br><br><br><br><br><br><br><br><br><br><br> July 13, 2004 |

## STATE DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST TO AMEND COMPLAINT

The State Defendant objects to the Plaintiff's proposed amended complaint for several reasons.

First, the FRCP 26(f) report jointly submitted by the parties in September, 2002, provides in Section E that the "Plaintiff may move for leave to amend the Complaint if additional information is developed." In the Plaintiff's submitted amendment, no such additional information is provided, and, moreover, the report clearly indicates that amendment may only be by leave of the court rather than as of right. Nonetheless, the Plaintiff has submitted an amendment that does not appear to be in the form a motion for leave to amend, and which merely notes the following addition to Paragraph 1: "The plaintiff further seeks relief, against both defendants, pursuant to Title II of the Americans with Disabilities Act ("ADA"). No additional information or allegations are provided to justify the proposed amendment, and no amended pleading is provided. Even the basic components of the ADA are not plead, such as

that the Plaintiff is a "qualified individual with a disability," as defined by the ADA, or that the defendants' failure to provide Medicaid funding for assisted living constitutes denial of access to a service or program in violation of Title II. *See* §§ 42 U.S.C.§12131; 12131(2).  In addition, if, as represented by Plaintiff's counsel at the argument on the motions to dismiss, any additional claims under the ADA are intended to address the holding of the Supreme Court in Olmstead v. L.C. ex. Rel. Zimring, 527 U.S. 581, 119 S.Ct. 2176, 144 L.Ed. 2d 540 (1999), the requested amendment is not sufficient to put the State Defendant on notice as to what aspect of Olmstead it is claimed to have violated.

Moreover, no explanation is provided as to why it took the Plaintiff over ten months since the date of the arguments on the motion to dismiss to submit a written amendment.  In fact, assuming arguendo that the oral motion to amend was adequate under FRCP Rule 7, the Plaintiff's failure to follow up on that request to amend arguably constitutes abandonment of the request, and the court's failure to act on the request has been deemed by at least one appellate court to be an "implicit denial." Gurary v. Winehouse, 235 F.3d 792, 795 (2d Cir. 2000).  In any case, the vague amendment now submitted on the very eve of a show cause hearing is unfair to the defendants, particularly since, again, the amendment does not put the defendants on notice as to how they allegedly violated Title II of the ADA.

In addition, the brevity of this requested amendment and the fact that no information is provided to support an allegation of a violation of the ADA by either defendant violates the specificity requirement of Rule 7, as does the failure to actually submit an amended pleading.

Finally, this court is again urged to consult both defendants' motions to dismiss, as well as the State Defendant's opposition to the motion for preliminary injunction (pp. 21-28).  The jurisdictional and FRCP 12(b)(6) grounds set forth therein clearly apply to any claims that could

be asserted under the ADA. Thus, even if it were sufficient in its present form, the proposal to amend the claim to add allegations of violations of the ADA, "does not cure the deficiencies of the original pleading and the amended complaint is doomed not to survive a motion to dismiss." Duda v. Board of Education of Franklin Park Public School District No. 84, 133 F.3d 1054, 1057 (7th Cir. 1998)(holding that court may reject even an amendment filed prior to receipt of responsive pleading in these circumstances.)

Accordingly, for the foregoing reasons, the State Defendant opposes any amendment to the Plaintiff's complaint.

                DEFENDANT
                PATRICIA WILSON-COKER
                COMMISSIONER OF DEPARTMENT OF
                SOCIAL SERVICES

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL

                Richard J. Lynch
                Assistant Attorney General

BY: _____
                Tanya Feliciano DeMattia
                Assistant Attorney General
                Federal Bar No ct 14996
                55 Elm Street, P.O. Box 120
                Hartford, CT 06141-0120
                Tel: (860) 808-5210
                Fax: (860) 808-5385
                tanya.feliciano@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via first class mail in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 13th day of July, 2004, first class postage prepaid to:

Raymond J. Rigat, Esq.        (also by facsimile)
Gilbride & Rigat
23 East Main Street
Clinton, CT 06413

Carolyn A. Ikari              (also by facsimile)
Assistant U.S. Attorney
450 Main Street, Room 328
Hartford, CT  06103

Clifford M. Pierce
Assistant Regional Counsel
Department of Health and Human Resources
J.F.K. Building, Room 2250
Boston, MA  02203

_____
Tanya Feliciano DeMattia
Assistant Attorney General
Federal Bar No. ct14996