UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHELA LEOCATA, through Matthew T. Gilbride, Esq., Conservator over her Estate and Next Friend, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civ. No. 3:02CV1066 (CFD) |
| v. | ) ) | |
| PATRICIA WILSON-COKER, Commissioner, Connecticut Department of Social Services, | ) ) ) ) | |
| and | ) ) | |
| TOMMY G. THOMPSON, Secretary of the U.S. Department of Health and Human Services, | ) ) ) ) ) | |
| Defendants. | ) ) | JULY 28, 2004 |

**FEDERAL DEFENDANT'S POST-HEARING MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND FEDERAL DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS <u>AMENDED COMPLAINT</u>**

The federal defendant, Tommy Thompson, Secretary of Health and Human Services, submits this post-hearing brief in opposition to Plaintiff's Motion For Temporary Injunction [docket no. 27].

<u>Background</u>

The Plaintiff seeks to have the state and federal governments' Medicaid program fund both rent and assisted living services provided by a Managed Residental Community and Assisted Living Services Agency, expenses not covered by Medicaid, if and when she becomes a Medicaid participant.

Four days before the evidentiary hearing on Plaintiff's "Motion For Temporary Injunction," this Court permitted the Plaintiff to amend her Complaint to add the Americans With Disabilities Act (ADA) as a basis for relief.  At the close of the evidentiary hearing, which was held Monday, July 19, 2004, Plaintiff's counsel cited for the first time the Ninth Circuit case <u>Townsend v. Quasim</u> as persuasive authority supporting his motion.  The Court permitted both defendants to respond with post-hearing briefs.

<u>Argument</u>

The Supreme Court Decision In <u>Olmstead v. L.C.</u> Does Not Require The Secretary To Reimburse Connecticut For Plaintiff's Bill At Arden Courts

I.   THE ADA DOES NOT APPLY TO THE SECRETARY OF HEALTH AND HUMAN SERVICES

As previously asserted in the federal defendant's opposition (docket no. 29) and pre-hearing papers (docket no. 37), the ADA does not apply to the federal defendant.  <u>See</u> 42 U.S.C. § 12131(1).  Thus, the ADA and the cases interpreting it, including <u>Olmstead</u>, cannot be a basis for directing federal reimbursement of a state Medicaid expenditure that is prohibited by the federal Medicaid statute.

II.  THE ENACTMENT OF THE ADA DID NOT REPEAL OR AFFECT THE EXPRESS STATUTORY PROHIBITION ON REIMBURSEMENT OF ROOM AND BOARD COSTS IN MANAGED RESIDENTIAL COMMUNITIES

Plaintiff concedes that, generally, the Medicaid statute

does not provide for coverage of room and board or assisted living services provided through a managed residential community (MRC) and assisted living services agency (ALSA). Complaint, ¶ 7.

The prohibition is explicit. Even when ALSA services may be provided by the state under a federal waiver, the statute precludes a State from including "room and board" as a home or community-based service. See 42 U.S.C. § 1396n(c)(1). See also 42 U.S.C. §§ 1396t(a)(9) and 1396u(f)(1)(excluding "room and board" from "home and community care" and "community supported living arrangements services").

Medicaid and its accompanying administrative scheme was well-established when the ADA was enacted in 1990. The ADA contains two requirements at issue here. The first is a prohibition on discrimination on account of disability. 42 U.S.C. § 12132. The second is an affirmative mandate to provide reasonable accommodation, 28 C.F.R. § 35.130(b)(7), and to integrate services, avoiding historical "warehousing" of the disabled. 28 C.F.R. § 35.130(d).

At Monday's evidentiary hearing and argument, the Court posed the question whether the portion of the Medicaid statute at issue in this case violates the ADA. The answer is no.

Repeals by implication are not favored. Morton v. Mancari, 417 U.S. 535, 549-550 (1974) (quoting Posadas v. National City

Bank, 296 U.S. 497, 503, (1936)).  It is presumed that Congress knew of the extant law and its application upon adopting a new law, and the courts must attempt to harmonize the laws, avoiding unnecessarily conflicting interpretations.  Traynor v. Turnage, 485 U.S. 535, 548 (1988)(citations omitted)(considering whether a Veterans' Administration regulation violates the Rehabilitation Act).

As set forth in the federal defendant's earlier papers, the federal Medicaid scheme has elected to treat two qualitatively different entities differently.  A Medicaid-qualified nursing facility is a medical provider.  42 U.S.C. § 1396r(a).  Congress chose to provide this benefit.  By contrast, as shown by the testimony at the hearing, an assisted living facility (more properly referred to as an MRC) is a housing provider.  Medicaid is not a housing program, and Olmstead and its progeny do not need to be construed so as to undermine the specific, comprehensive Medicaid scheme.  See Townsend v. Quasim, 328 F.3d 511, 526 (9th Cir. 2003)(Beezer, J., dissenting, and cautioning against defining the relevant benefit too broadly as "long term care").

The Second Circuit has already examined and applied Olmstead.  As the federal defendant argued at the hearing, the Rodriguez case made clear that Olmstead does not serve to compel the provision or, certainly, the reimbursement of new services.

- 4 -

Rodriguez v. City of New York, 197 F.3d 611, 619 (2d Cir. 1999).

## Conclusion

Because an ADA claim does not lie against the federal government and because there is no basis for compelling the Secretary to provide new Medicaid reimbursement contrary to the already well-established provisions of the Medicaid scheme, the Plaintiff's Motion For Temporary Injunction should be denied as against the federal defendant and the Amended Complaint dismissed as against the federal defendant.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY


    CAROLYN A. IKARI
    ASSISTANT UNITED STATES ATTORNEY
    450 Main Street, Room 328
    Hartford, Connecticut  06103
    (860) 947-1101
    Federal Bar No. ct13437

    BROOKSLEY CRISMAN
    LAW STUDENT INTERN

OF COUNSEL:

ALEX M. AZAR II
General Counsel

NANCY S. NEMON
Chief Counsel, Region I

CLIFFORD M. PIERCE
Assistant Regional Counsel
U.S. Department of  Health and Human Services
J.F.K. Building, Room 2250

```
Boston, Massachusetts   02203
(617) 565-2379
```

Boston, Massachusetts   02203

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing memorandum has been mailed, first-class, postage prepaid, on this 28th day of July, 2004, to:

Raymond J. Rigat
Gilbride & Rigat
23 East Main Street
Clinton, Connecticut  06413

Tanya Feliciano
Office of the Attorney General
Health & Human Services
55 Elm Street
P.O. Box 120
Hartford, Connecticut  06101

_____
CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY