District of Connecticut
02-CV-1066
J. Droney

**MANDATE**

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 13th day of September, two thousand five.

PRESENT:  HON. JOHN M. WALKER, JR.,
                  Chief Judge
          HON. DENNIS JACOBS,
          HON. PETER W. HALL,
                  Circuit Judges.

- - - - - - - - - - - - - - - - -X

Michela Leocata, through Matthew T. Gilbride, Esq., Conservator over her Estate & Next Friend,

  Plaintiffs-Appellants,

  -v.-                                              04-6068-cv

Mike Leavitt,* Secretary of the U.S. Department of Health and Human Services, Patricia Wilson-Coker,



---

  * United States Department of Health and Human Services Secretary Mike Leavitt is, pursuant to Fed. R. App. P. 43(c)(2), automatically substituted for former Secretary Tommy G. Thompson.

Mandate: Issued on 11/22/05

Commissioner, Connecticut
Department of Social Services,

      <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| APPEARING FOR APPELLANT: | Raymond Rigat, Clinton, CT |
| APPEARING FOR APPELLEE THOMPSON: | Charles W. Scarborough, Attorney, Appellate Staff Civil Division, United States Department of Justice, Washington, DC (Peter D. Keisler, Assistant Attorney General, Civil Division, United States Department of Justice; Kevin J. O'Connor, United States Attorney for the District of Connecticut; and Marleigh D. Dover, Attorney, Appellate Staff Civil Division, United States Department of Justice, <u>on the brief</u>) |
| APPEARING FOR APPELLEE WILSON-COKER: | Hugh Barber, Assistant Attorney General, <u>for</u> Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, CT (Richard J. Lynch, Tayna Feliciano Demattia, Assistant Attorneys General, <u>on the brief</u>) |

    Appeal from the United States District Court for the District of Connecticut (Droney, <u>J.</u>).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Petitioner-appellant Michela Leocata, appearing through the conservator of her estate, appeals from the denial of her motion for injunctive relief and the dismissal of her complaint against both federal and state defendants by the United States District Court for the District of Connecticut (Droney, J.). Ms. Leocata is an elderly person suffering from dementia and residing at Arden Courts, an assisted living facility (known as a "managed residential community" pursuant to Connecticut regulations, Conn. Agencies Regs. § 19-13-D105). She argues on appeal that Connecticut's Medicaid program's coverage of skilled nursing facilities, but not assisted living facilities, violates her rights under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and its implementing regulations. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Leocata seeks to compel the state defendants to provide Medicaid benefits for her care and room and board at Arden Courts. The Medicaid statute mandates coverage for care, including room and board, at three kinds of inpatient facilities: (1) hospitals, (2) nursing facilities, and (3) intermediate care facilities for the mentally retarded. 42 U.S.C. §§ 1396d(a)(1), (4), (14)-(16). Assisted living facilities like Arden Court are not eligible for Medicaid funds for room and board. And, although waivers are available for inpatient care at places other than those enumerated in the Medicaid statute, 42 U.S.C. § 1396n(c)(1), the waiver provision specifically excludes room and board from coverage. Id. (providing that waivers for home or community-based services are available only to individuals who, "but for the provision of such services . . . would require the level of care provided in a hospital or a nursing facility or intermediate care facility for the mentally retarded the cost of which could be reimbursed under the State plan"). Moreover, because Arden Courts is not licensed or inspected by the state, and not certified by the Medicaid program, it cannot accept Medicaid funding. So even if Leocata could establish her claims, the only relief she seeks could not be afforded.

Finally, because Leocata could not establish a likelihood of success on the merits of her complaint, Beal v. Stern, 184 F.3d 117, 122 (2d Cir. 1999), we

3

conclude that the district court did not abuse its discretion in denying injunctive relief.  See Random House, Inc. v. Rosetta Books LLC, 283 F.3d 490, 491 (2d Cir. 2002).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK
By:

_Oliva M. George_
Oliva M. George, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _Jana Segal_
DEPUTY CLERK